**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**PEKIN INSURANCE COMPANY**                                                               **PLAINTIFF**

v.                              **CASE NO. 3:14CV00135 BSM**

**CORRECT ROOFING &**
**CONSTRUCTION INC., et al.**                                                              **DEFENDANTS**

**ORDER**

Defendants' joint motion for distribution of proceeds [Doc. No. 85] is granted, Pekin Insurance Company's motion for summary judgment [Doc. No. 78] is granted, and this case is dismissed with prejudice.

On February 5, 2015, an order was entered granting the motion for declaratory relief of Michelle Rains and Rosia Turner. *See* Doc. No. 84. Specifically, the order held that Arkansas law applied to the disbursement of the remaining $200,000 of the insurance policy at issue. Thus, any other party seeking subrogation rights could only do so after Rains and Turner are "made whole" for their total losses. *See Franklin v. Healthsource of Arkansas*, 942 S.W.2d 837, 839 (Ark. 1997). Rains and Turner now move for distribution of the remaining $200,000, and no responses have been filed. Accordingly, the joint motion for distribution is granted.

Additionally, Pekin moves for summary judgment, contending that it should be released from the interpleader action upon disbursement of the final $200,000 because it has no further duty to defend either Correct or Walker. Neither Correct nor Walker responded

to Pekin's motion.

Summary judgment is appropriate when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The non-moving party may not rest upon the mere allegations or denials in his pleadings, but must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).

The policy issued by Pekin to Correct states that Pekin's duty to defend ends when it has paid out the policy limits. *See* Doc. No. 1-3, Ex. B at 8. While Pekin notes that there may be an issue of whether Arkansas or Illinois law applies to the issue, courts in both states have recognized that where an insurance company has exhausted its policy limits, no further duty to defend exists. *See Emcasco Ins. Co. v. Davis*, 753 F.Supp. 1458, 1462–64 (W.D. Ark. 1990); *Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150, 163 (Ill. 1987). As all the money has been disbursed and the interpleader action resolved, there appears to be no reason to keep Pekin in the suit and extend its obligations. Accordingly, Pekin's motion for summary judgment is granted.

For the reasons stated above, Rains and Turner's motion for distribution of proceeds [Doc. No. 85] is granted, Pekin's motion for summary judgment [Doc. No. 78] is granted, and this case is dismissed with prejudice. Accordingly, the clerk is directed to make

payment of the remaining $200,000 as follows:

1. $100,000, plus accrued interest, to "The Estate of James Edward Rains, Deceased, and the Trust Account of Hale, Young, and Partlow"; and

2. $100,000, plus accrued interest, to "The Estate of Marshall Turner, Deceased, and the Trust Account of McDaniel Law Firm, PLC."

IT IS SO ORDERED this 17th day of March 2015.

_____
UNITED STATES DISTRICT JUDGE